```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION
```

Jerry L. McGlone II,            :

        Plaintiff,        :   Case No.  2:15-cv-1534

   v.                           :   JUDGE GREGORY L. FROST
                                     Magistrate Judge Kemp
Ross Correctional Inst.,        :
et al.,
        Defendants.         :

### REPORT AND RECOMMENDATION

    On April 29, 2015, this prisoner civil rights case was filed in this Court (it was transferred from the Western Division of this Court in Cincinnati, where Plaintiff Jerry L. McGlone, II, originally filed it).  Mr. McGlone did not pay the filing fee, and he did not submit an *in forma pauperis* application to the Court in Cincinnati before the case was transferred here.

    In an order filed on May 8, 2015, the Court pointed out these deficiencies to Mr. McGlone and gave him a deadline for either paying the filing fee or submitting an *in forma pauperis* request.  He responded by filing, on June 1, 2015, a motion for leave to proceed *in forma pauperis*.  The motion was on the appropriate form, but it did not include a trust fund statement from Mr. McGlone's institution, a document that is required by 28 U.S.C. §1915(a).  On June 26, 2015, the Court issued a second order noting the absence of that statement - which is needed in order to make the initial filing fee assessment - and telling Mr. McGlone that if he did not submit it within thirty days, the Court would assume he was not a pauper, assess him the full filing fee, dismiss the case for want of prosecution, and not reinstate the case even if he subsequently paid the fee.  Mr. McGlone has filed nothing in response to that order, nor made any

other filing, since the date the order was issued.

The Court of Appeals' order in <u>In re Prison Litigation Reform Act</u>, 1997 WL 40203 (6th Cir. Feb. 4, 1997), requires the actions to be taken which are described above when a prisoner fails, after being notified, to submit a properly-supported *in forma pauperis* motion.  Consequently, it is recommended that the full filing fee be assessed and that, in the same order, the Court dismiss this case for failure to prosecute.

<u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge